


Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| DINO BRIAN BURSON & | ) |
| | ) CASE NO. 09-62338 |
| SHARON LYNN BURSON, | ) |
| | ) ADV. NO. 09-6111 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| ANNE PIERO SILAGY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. BANK NATIONAL | ) **MEMORANDUM OF OPINION** |
| ASSOCIATION, AS TRUSTEE | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

On February 8, 2010, plaintiff and chapter 7 panel trustee Anne Piero Silagy (hereinafter "trustee") and defendant U.S. Bank National Association (hereinafter "U.S. Bank") filed cross-motions for summary judgment. These motions are now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(K) and (O). Venue is appropriate under 28 U.S.C. § 1409. The

following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

Debtors Dino Brian Burson and Sharon Lynn Burson (hereinafter "debtors") are owners of record of real property identified as Stark County, Ohio Permanent Parcel No 01-09477 and commonly known as 1552 Parkway Boulevard, Alliance, Ohio 44601. On June 6, 2005, debtors executed a document entitled "Real Estate Mortgage" (hereinafter "mortgage") in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), as nominee for lender CIT Group/Consumer Finance, Inc. The mortgage is attached to this opinion as Exhibit A. The mortgage was recorded with the Stark County Ohio Recorder on June 20, 2005. On November 4, 2008, MERS assigned its interest in the debtors' mortgage to U.S. Bank.

On October 12, 2009, the trustee filed a complaint seeking to avoid the mortgage pursuant as to 11 U.S.C. § 544, Ohio Rev. Code § 5301.01(A) and Ohio Rev. Code § 5301.25(A). According to the trustee, the mortgage is avoidable because of a defective acknowledgment.

The mortgage contains the following acknowledgment at the bottom of the first page:

**ACKNOWLEDGMENT**

State of Ohio
County of Stark

Before me, a notary public in and for the above County, personally appeared the above named MORTGAGOR, who acknowledged that (he-she-they) did sign the foregoing instrument, and that the same is (his-her-their) free act and deed. In testimony whereof, I have hereunto subscribed my name at 221 S PROSPECT STREET SUITE B RAVENNA, OH 44266 on the 14th day of June, 2005.

(Notary Public)

This instrument was prepared by THE CIT GROUP/CONSUMER FINANCE, INC.
(Type Name)

A survey of this property was made by None
(Type Name)

DINO BRIAN BURSON
1839949  06/14/05  14:53

1-11R2A (4/04) Ohio First Mortgage

ANGELA COOK
Notary Public - State of Ohio
My Commission Expires 12-3-2007

Page 1 of 2

Three other features of the mortgage are relevant to the parties' arguments. First, the names and address of the debtors appear in the upper-left-hand corner of the mortgage as follows:

> Name and Address of Mortgagor(s)
> DINO BRIAN BURSON
>
> SHARON LYNN BURSON
> 1552 PARKWAY BLVD
> ALLIANCE, OH 44601
>
> Marital Status: HUSBAND AND WIFE
> MIN 100263195007870650

Second, the signatures of the debtors appear as follows:

> [signature] (Seal)
> DINO BRIAN BURSON
> (Type name of Mortgagor)
>
> [signature] (Seal)
> SHARON LYNN BURSON
> (Type name of Mortgagor)
>
> _____ (Seal)
> (Type name of Mortgagor)
>
> _____ (Seal)
> (Type name of Mortgagor)

Third, the mortgage defines "I," "me" and "my" to include the plural.

## ISSUES PRESENTED

The cross-motions for summary judgment raise two issues. First, the parties disagree whether the acknowledgment is "substantially compliant" with Ohio law. Second, the parties disagree whether a defective acknowledgment allows the trustee to avoid the mortgage.

## LAW AND ANALYSIS

### A. This Matter is Ripe for Summary Judgment.

The procedure for granting summary judgment is found in Federal Rule of Civil Procedure 56(c), made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7056, which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Whether a mortage is avoidable because of a defective certificate of acknowledgment is a matter of law. *See* Drown v. Greenpoint Mortgage Funding, Inc. (In re Leahy), 376 B.R. 826, 828

(Bank. S.D. Ohio 2007). No material facts are in dispute. Thus, summary judgment is appropriate.

### B. The Acknowledgment Does not Substantially Comply with Ohio Law.

Ohio Rev. Code § 5301.01(A) establishes the requirements for a properly executed mortgage:

> A deed, mortgage, land contract . . . or lease of any interest in real property and a memorandum of trust . . . shall be signed by the grantor, mortgagor, vendor or lessor . . . . The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev. Code §§ 147.53 establishes the contents of a properly executed acknowledgment. Section 147.53(A) provides that "[t]he person taking the acknowledgment shall certify that . . . [t]he person acknowledging appeared before him and acknowledged that he executed the instrument." Thus, the acknowledgment clause must identify the mortgagor. Geygan v. World Savings Bank (In re Nolan), 383 B.R. 391, 396 (BAP 6th Cir. 2010); Terlecky v. Countrywide Home Loans, Inc. (In re Bauch), 2009 Bank. LEXIS 608, *21 (Bankr. S.D. Ohio 2009).

The acknowledgment in this case is not strictly compliant with section 147.53(A). The word "MORTGAGOR" does not identify the debtors as individuals. Furthermore, "MORTGAGOR" is singular, and the plural pronouns in the acknowledgment clause are not circled.

However, under Ohio law an acknowledgment will not be invalidated if it is in "substantial compliance" with the applicable statutes. Menninger v. First Franklin Fin. Corp. (In re Fryman), 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004). The test for substantial compliance is whether or not "the instrument supplies within itself the means for making the correction." Id. (quoting Dodd v. Bartholomew, 5 N.E. 866, 867 (Ohio 1886)). Thus, in considering whether the acknowledgment sufficiently identifies the debtor, the Court looks at the acknowledgment in the context of the mortgage as a whole.

Several cases address substantial compliance in the context of the identity requirement. Where the acknowledgment clause is blank as to the mortgagor's name, courts have found the acknowledgment not to be substantially compliant. Geygan, 383 B.R. at 396 (citing cases). In Fryman v. First Franklin Fin. Corp., 314 B.R. 137 (Bankr. S.D. Ohio 2004), the court found substantial compliance where one out of two mortgagors was listed in the acknowledgment, and the listed mortgagor's name was modified by the plural pronouns "they" and "their." In Hinde's Lessee v. Longworth, 24 U.S. 199 (1826), the United States Supreme Court held that under Ohio law, an acknowledgment that contained the name of only one of the two grantors and a singular

pronoun was defective.

The Court finds that this case most resembles Hinde's Lessee. When read in the context of the entire document, "MORTGAGOR" is clearly singular. The name and address section in the upper left corner begins with "Mortgagor(s)." This usage distinguishes between the singular "Mortgagor" and the plural "Mortgagors." Furthermore, "Mortgagor" appears below the signature of each debtor. U.S. Bank contends that "Mortgagor" and the pronouns "he" and "she" are defined to include the plural. But this is not true. The only singular words defined to include the plural are "I," "me," and "my." This only reinforces the conclusion that other singular words are not intended to include the plural. Thus, like the acknowledgment clause in Hinde's Lessee, the acknowledgment clause in this case can only be read to refer to one of the two mortgagors.

The Court believes that the holding of Hinde's Lessee is still good law. In Gregory v. Ocwen Fed. Bank (In re Biggs), 377 F.3d 515, 519 (6th Cir. 2004), the Sixth Circuit explained that the "the authentication of a deed of trust is not a purposeless formality." Rather, the requirement exists to provide a fraud-free system for the identification of true property owners. Id. This purpose cannot be fulfilled if, viewing the mortgage as a whole, it is clear that all of the mortgagors have not acknowledged the mortgage. Accordingly, the Court finds that the acknowledgment clause is deficient under section 147.53(A).

The acknowledgment clause is also not substantially compliant with section 147.53(B), which requires the notary to certify that "[t]he person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." The acknowledgment in the mortgage certifies neither of these things. Furthermore, U.S. Bank does not explain, and the Court cannot find, any way in which the document as a whole supplies this information. Thus, the Court finds that the acknowledgment is not substantially compliant with section 147.53(B).

### C. The Trustee Can Avoid the Mortgage

11 U.S.C. § 544(a)(3) provides that a trustee can avoid liens by stepping into the shoes of a bona fide purchaser:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by a bona fide purchaser of real property . . . .

U.S. Bank argues that the trustee cannot avoid the mortgage despite the fact that the acknowledgment clause is defective. However, the case law is unanimous is finding that a trustee standing in the shoes of a good faith purchaser can avoid a defective mortgage. E.g., Geygan, 383 B.R. at 397; Fryman, 314 B.R. at 138 ("Under Ohio law, only properly executed mortgages take priority over a bona fide purchaser.").

Accordingly, the Court finds that the trustee can avoid the mortgage.

An order will issue simultaneously with this opinion.

\#   \#   \#

SERVICE LIST:

Dino Brian Burson
1552 Parkway Blvd
Alliance, OH 44601

Sharon Lynn Burson
1552 Parkway Blvd
Alliance, OH 44601

Anne Piero Silagy, Esq
Canton
220 Market Ave S
#900
Canton, OH 44702

Thomas J Tangi
2040 S Union Ave
Alliance, OH 44601

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Bruce R Schrader, II
Roetzel & Andress
222 S Main St
Suite 400
Akron, OH 44308

U.S. Bank National Association, as Trustee
c/o U.S. Bancorp
800 Nicollet Mall
Minneapolis, MN 55402-7014

Clay Keller
Buckingham, Doolittle & Burroughs, LLP
4518 Fulton Drive, NW
P.O. Box 35548
Canton, OH 44735-5548

Justin S. Greenfelder
4518 Fulton Dr NW
Canton, OH 44735-5548

Mia L. Conner
120 E. 4th St.
PO Box 5480
Cincinnati, OH 45202

Richard J Lolli
4518 Fulton Dr NW
Canton, OH 44735-5548

FILE NO: 050096

# REAL ESTATE MORTGAGE

This Mortgage is made pursuant to the provisions of Charter 1343 of the Ohio Revised Code, except that it is also subject to the Depository Institutions Deregulation and Monetary Control Act of 1980 with respect to the interest rate and any points charged.

| Name and Address of Mortgagor(s): | Lender: |
|---|---|
| DINO BRIAN BURSON<br>SHARON LYNN BURSON<br>1552 PARKWAY BLVD<br>ALLIANCE, OH 44601 | THE CIT GROUP/CONSUMER FINANCE, INC.<br>2 SUMMIT PARK DRIVE<br>SUITE 105<br>INDEPENDENCE, OH 44131 |
| Marital Status: HUSBAND AND WIFE<br>MIN: 100263195007870650 | Mortgagee: MERS<br>P.O. BOX 2026<br>FLINT, MI 48501-2026 |

| Loan Number | Date | Date Final Payment Due | Principal Balance |
|---|---|---|---|
| 9500787065 | 06/14/05 | 07/01/35 | $ 111,150.00 |

The words "I," "me" and "my" refer to all Mortgagors indebted on the Note secured by this Mortgage. The words "you" and "your" refer to Lender and Lender's assignee if this Mortgage is assigned. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Mortgage.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

## MORTGAGE OF REAL ESTATE

To secure payment of a Note I signed today promising to pay you the Principal Balance as shown above together with interest at the rate set forth in the Note secured by this Mortgage, each of the persons signing this Mortgage mortgages, and confirms to MERS and its successors and assigns, (solely as nominee for Lender and Lender's successors and assigns) the real estate described below, and all present and future improvements on the real estate, which is located in Ohio, County of _____ STARK _____, (the "Premises")

### SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'

Instr:200506200039353
P:1 of 3  F:$36.00      06/20/2005
Rick Campbell           9:25AM MTGE
Stark County Recorder   T20050028058

These Premises are improved by a **S** _____ family dwelling only.

Property Address: **1552 PARKWAY BLVD, ALLIANCE, OH 44601**

Prior Instrument reference: Vol. **736**, Page **407**

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Premises; and to take any action required of Lender including, but not limited to, releasing and canceling this Mortgage.

### TERMS AND CONDITIONS:

STATUTORY CONDITION - This Mortgage is given upon the Statutory Condition. "Statutory Condition" is defined in Section 5302.14 of the Revised Code and provides generally that if I pay the indebtedness and perform the other obligations secured by this Mortgage and do not commit or permit waste, then this Mortgage will become null and void

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

_____ (Seal)  _____ (Seal)
DINO BRIAN BURSON
(Type name of Mortgagor)          (Type name of Mortgagor)

_____ (Seal)  _____ (Seal)
SHARON LYNN BURSON
(Type name of Mortgagor)          (Type name of Mortgagor)

### ACKNOWLEDGMENT

State of Ohio
County of Stark

Before me, a notary public in and for the above County, personally appeared the above named **MORTGAGOR**, who acknowledged that (he-she-they) did sign the foregoing instrument and that the same is (his-her-their) free act and deed.

In testimony whereof, I have hereunto subscribed my name at 221 S PROSPECT STREET SUITE B RAVENNA, OH 44266 on the 14th day of June, 2005.

_____ (Notary Public)

This instrument was prepared by THE CIT GROUP/CONSUMER FINANCE, INC.
(Type Name)

A survey of this property was made by None
(Type Name)

ANGELA COOK
Notary Public - State of Ohio
My Commission Expires 12-3-2007

DINO BRIAN BURSON
1839949  06/14/05  14:53
2-1182A (4/04) Ohio First Mortgage

Page 1 of 2

EXHIBIT A

TAXES - LIENS - INSURANCE - MAINTENANCE - I will pay, when they are due and payable, all taxes, liens, assessments, obligations, water rates and any other charges against the Premises, whether superior or inferior to the lien of this Mortgage, maintain hazard insurance on the Premises in your favor in a form and amount satisfactory to you and maintain and keep the Premises in good repair at all times during the term of this Mortgage. You may pay any such tax, lien, assessment, obligation, water rates, premium or other charge (including charges to repair the Premises) or purchase such insurance in your own name, if I fail to do so. The amount you pay will be due and payable to you on demand, will bear interest at the interest rate set forth in the Note secured by this Mortgage if permitted by law or, if not, at the highest lawful interest rate, will be an additional lien on the Premises and may be enforced and collected in the same manner as the other obligations secured by this Mortgage. The insurance carrier providing the insurance referred to above will be chosen by me subject to your approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to you and must include a standard mortgagee clause. You will have the right to hold the policies and renewals. If you require, I will promptly give to you all receipts of paid premiums and renewal notices. In the event of a loss, I will give prompt notice to the insurance carrier and you. You may file a proof of loss if not made promptly by me. Insurance proceeds will be applied to the restoration or repair of the Premises damaged or, at your option, the insurance proceeds will be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to me. If I abandon the Premises, or do not answer within ten (10) days, a notice from you that the insurance carrier has offered to settle a claim, then you may collect the insurance proceeds. The ten (10)-day period will begin when the notice is given.

TITLE - The Premises were conveyed to me by a deed which is to be, or has been, recorded before this Mortgage, and I warrant the title to the Premises. I further warrant that the lien created by this Mortgage is a valid and enforceable first lien, subordinate only to easements and restrictions of record on the date of this Mortgage, and that during the entire term of the indebtedness secured by this Mortgage, such lien will not become subordinate to anything else.

CONDEMNATION - The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation (the taking of my property for a public use) or other taking of any part of the Premises, or for conveyance in lieu of condemnation, are hereby assigned and will be paid to you and are subject to the lien of and secured by this Mortgage. In the event of a taking of the Premises, the proceeds will be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to me. If the Premises are abandoned by me, or if, after notice by you to me that the condemnor offers to make an award or settle a claim for damages, I fail to respond to you within ten (10) days after the date the notice is given, you are authorized to collect and apply the proceeds, at your option, either to the restoration or repair of the Premises, or to the sums secured by this Mortgage, whether or not then due.

DUE ON SALE OR ALTERATION - Except in those circumstances in which Federal law otherwise provides, I will not, without your consent, sell or transfer the Premises or alter, remove or demolish the buildings on the Premises, allow the Premises to deteriorate or commit waste.

DEFAULT - If I default in paying any part of the indebtedness secured by this Mortgage or if I default in any other way under this Mortgage or under the Note which it secures, or if I default under the terms of any other mortgage covering the Premises, the entire unpaid principal balance and accrued and unpaid interest and any other amounts I then owe to you under this loan will become immediately due if you desire, without your advising me. If I am required to pay immediately in full as described above, I promise to pay your costs and disbursements to which you may become entitled by law in connection with any suit to collect the Note or to realize on your security interest under this Mortgage. If any money is left over after you foreclose on this Mortgage and deduct such reasonable costs and disbursements incurred if legally permitted, it will be paid to the persons legally entitled to it, but if any money is still owing, I agree to pay you the balance.

APPOINTMENT OF RECEIVER AND ASSIGNMENT OF RENTS - I agree that you are entitled to the appointment of a receiver in any action to foreclose on this Mortgage and you may also enter the Premises and take possession of them, rent them if the Premises are not already rented, receive all rents and apply them to the obligations secured by this Mortgage. Except as required by law, you shall not be obligated to perform or discharge any obligation under any lease by reason of this assignment. I assign all rents to you but you agree that I may continue to collect the rents unless I am in default under this Mortgage or the Note.

RIGHTS CUMULATIVE - Your rights under this Mortgage will be separate, distinct and cumulative and none of them will be in exclusion of any other nor will any act of yours be considered as an election to proceed under any one provision of this Mortgage to the exclusion of any other provision.

NOTICES - I agree that any notice and demand may be given to me either in person or by mail.

RELEASE - Upon payment of all sums secured by this Mortgage, you shall release the Premises from the lien of this instrument. I shall pay recording costs to the extent permitted by applicable law.

WAIVER OF EXEMPTIONS - Each person signing this Mortgage waives all rights of dower in the real estate, all marital rights, homestead exemptions, and all other exemptions relating to the Premises.

EXTENSIONS AND MODIFICATIONS - Each of the persons signing this Mortgage agrees that no extension of time or other variation of any obligation secured by this Mortgage will affect any other obligation under this Mortgage.

APPLICABLE LAW - This Mortgage is made in accordance with, and will be governed by, the laws of the State of Ohio, including Chapter 1343 of the Ohio Revised Code, except that with respect to the maximum interest rate and number of points permitted, this Mortgage is governed by the provisions of the Depository Institutions Deregulation and Monetary Control Act of 1980, and any other applicable Federal law.

RECEIPT OF COPY - Each person signing this Mortgage acknowledges receipt of a completed and signed copy of this Mortgage.

BINDING EFFECT - This mortgage is binding on and inures to your, my and MERS' successors and assigns.

SEE OTHER SIDE FOR ADDITIONAL IMPORTANT TERMS

Upon recording mail to:
Nationwide Title Clearing, Inc.
2100 Alt 19 North, Palm Harbor, Fl 34683    ATTN: Dusti Woodbury - CIT Unit

Initial(s) X_DBB_ X_____
S. L. B.   Page 2 of 2

1839949 06/14/05   14:53   DINO BRIAN BURSON
2-1182B

Instr:200506200039353
P:2 of 3   F:$36.00         06/20/2005
Rick Campbell               9:25AM MTGE
Stark County Recorder   T20050028058

SITUATED IN THE CITY OF ALLIANCE, COUNTY OF STARK AND STATE OF OHIO:

AND KNOWN AS AND BEING LOT NUMBER SEVEN THOUSAND FOUR HUNDRED FIFTY-THREE (7453) IN SAID CITY OF ALLIANCE, AS THE SAME IS MARKED, NUMBERED AND DISTINGUISHED ON THE PLAT RECORDS OF SAID CITY ON FILE IN THE COUNTY RECORDER'S OFFICE AT CANTON, OHIO.

SUBJECT TO: RESTRICTIONS CONTAINED IN DEED, RECORDED IN VOL. 619, PAGE 494, OF STARK COUNTY RECORDS.

PARCEL NO. 01-09477



```
Instr:200506200039353    06/20/2005
P:3 of 3   F:$36.00      9:25AM MTGE
Rick Campbell            T20050028058
Stark County Recorder
```