The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| DINO BRIAN BURSON AND SHARON LYNN BURSON, | CASE NO. 09-62338 |
| | ADV. NO. 09-6111 |
| Debtors. | |
| | JUDGE RUSS KENDIG |
| ANNE PIERO SILAGY, | |
| Plaintiff, | |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendant. | |

Following an adverse ruling by the court, Defendant appealed the court's decision and now seeks a stay pending the appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. If successful, the stay would prevent Plaintiff, the chapter 7 trustee (hereafter "Trustee") from selling the real estate subject to Defendant's purported mortgage on the property. Defendant's motion to impose a stay was filed on April 27, 2010. Plaintiff responded on June 4, 2010 and opposes the relief requested. Defendant replied on June 11, 2010. A hearing was held on May 24, 2010.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This adversary is a core proceeding under 28 U.S.C. 157(b)(2)(A), (K) and (O). The following constitutes the court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On April 7, 2010, the court entered an opinion granting Trustee's motion for summary judgment, finding the mortgage was defectively acknowledged. As a result of that decision, Trustee can exercise her powers under 11 U.S.C. § 544 to avoid the mortgage and become the equivalent of a bona fide purchaser, giving her the ability to sell the real estate for the benefit of the estate free of the mortgage. Defendant seeks a stay to prevent Trustee from taking this action.

## ARGUMENTS

Defendant argues that a stay pending appeal is necessary to protect its rights as a secured creditor. According to Defendant, the property is adequately protected by an insurance policy and there is no prejudice to Trustee in enforcing a stay. Trustee denies the lack of prejudice, contending that if the property is not sold immediately, it could decrease in value or fall into disrepair. Further, real estate taxes will continue to accrue to the detriment of the estate and any safety issues would inure to the estate. Defendant counters that it faces the greater potential harm because of the loss of rights it suffers in a bankruptcy auction process compared to a foreclosure action. In a foreclosure, a minimum bid would be established, plus Defendant would have the ability to credit bid. Defendant also complains a bankruptcy sale takes away its ability to time the sale and increases the fees of a sale.

## ANALYSIS

A party may seek a stay pending appeal under the auspices of Federal Rule of Bankruptcy Procedure 8005. Rule 8005 gives a bankruptcy court latitude in issuing injunctive relief: "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bankr. P. 8005. To determine whether a stay is appropriate, a court employs the same review used in issuing preliminary injunctions. *See* In re Akron Thermal, LP, 414 B.R. 193 (N.D. Ohio 2009) (citing Michigan Coal. of Radioactive Users, Inc. v. Griepentrog), 945 F.2d 150 (6th Cir. 1991)). This review requires a court to consider and weigh four items: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Griepentrog at 153 (citing Ohio ex rel. Celebrezze v.

Nuclear Regulatory Comm'n, 812 F.2d 288, 290 (6th Cir. 1987) (other citations omitted)). The movant bears the burden of proof, "providing specific facts and affidavit supporting assertions that these factors exist." Id.

Movant did not address the first consideration, its likelihood of success on the merits of the appeal, in its motion. In its reply memorandum, Defendant states "it has substantive issues of merit to present on appeal regarding the specific acknowledgment at issue in this adversary proceeding." (Def.'s Reply Memo. at 3.) This is the sum of Defendant's arguments on this point and falls short of demonstrating Defendant is likely to succeed on the appeal. For this consideration to weigh in favor of Defendant, some showing of a probability of success is required. See Griepentrog at 153 (stating "a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal"); Spring Creek Airpark, Inc. v. Roswell Holding, LLC, 2010 WL 2573745 (W.D. Ky. 2010) (citing Mason County Med. Ass'n v. Knebel, 563 F.2d 256, 261 n. 4 (6th Cir. 1977) (requiring more than a possibility of success) and In re DeLorean Motor Co., 775 F.2d 1223, 1229 (6th Cir. 1985) (requiring "serious questions going to the merits") (other citations omitted)). Rather than focus on this factor, Defendant points out that the court must balance several factors. The court tends to read bypass of this factor as either a suggestion that this factor does not favor Defendant, or, at a minimum, is neutral to the parties' positions. Regardless, Defendant did not meet a showing that it is likely to succeed on the appeal. This is not fatal because the balancing of the factors could still tip in Defendant's favor. As the Sixth Circuit stated, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [defendants] will suffer absent the stay. Id. Simply stated, more of one excuses less of the other." Griepentrog, 945 F.2d at 153 (relying on Celebrezze, 812 F.2d at 290 and Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.3d 972, 974 (D.C. Cir. 1985)).

The second factor to review is the danger of irreparable harm to Defendant. Defendant's arguments focus on the loss of rights as a secured creditor, more specifically its inability to drive the foreclosure process. This does not rise to the level of an irreparable injury. The harm envisioned by the second factor "must be both certain and immediate, rather than speculative or theoretical." Id. (citing Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985)). The harm cited by Defendant is speculative.

If Trustee sells the property while the appeal is pending, Defendant's lien will attach to the proceeds. Only upon final disposition of the appeal will the proceeds be distributed, thereby protecting Defendant's secured status. The balance of Defendant's arguments presume that the bankruptcy sale will result in less money in Defendant's pocket. Defendant, without any solid evidentiary support, posits that it would fare better in a foreclosure action. This ignores the pitfalls of a foreclosure, as well as the detriment of waiting to sell the property. There is no guarantee the real estate would sell at a foreclosure sale, or that it would sell for more than a bankruptcy sale or auction. Trustee aptly points out that until the property is sold, there is a danger that it will deteriorate in value, fall into disrepair, or become the subject of safety issues, all disadvantages to both parties.

Defendant also suggests the Trustee's fees for a bankruptcy sale would be higher, thereby

decreasing net proceeds. Defendant would also incur fees to sell, whether it be through a private sale or a foreclosure action. Defendant did not provide any foundation that the fee difference is material. Additionally, Defendant completely ignores the time value of money in its arguments. Defendant's arguments focus on speculation and conjecture, not specific and irreparable harm. Defendant's arguments are therefore not persuasive and the court cannot conclude that Defendant is likely to be irreparably harmed in the absence of a stay, or arguably a better position as the property will be reduced to cash.

The next consideration is whether others will be harmed if the stay is approved. Defendant only cursorily addresses this aspect, stating "with the Debtors occupying the Real Property and with Defendant's maintaining of hazard insurance there is no indication that granting the stay will 'substantially injury' [sic] any other interested parties." (Defendant's Reply at 3.) The "other parties" that may have an interest in this matter include the creditors and Debtors. Debtors' property interest reverted to the estate on the filing of the bankruptcy, so a stay pending appeal will not be harmful. The most notable "other interested parties" are the unsecured creditors who stand to benefit from the sale. The stay will not help or hinder them because there will be no immediate distribution regardless of whether the stay is approved. If the stay is put in place, the Trustee will not be able to sell the property unless she succeeds on the appeal. If the stay is not in place, Trustee can sell the property, but the proceeds will be held until the appeal is resolved. In terms of a potential distribution, the unsecured creditors are in the same position regardless of the stay.

The creditors interests are aligned with Trustee, so the potential harm to Trustee parallels the potential harms to the creditors. Delaying the sale could mean a decline in value, either through market forces or deterioration. Any expenses incurred in maintaining or securing the property would be funded by the estate, depleting resources. As a result, delaying the sale could have a negative impact on the creditors through the loss of proceeds.

Finally, the court must consider the public interest in imposing the stay. Defendant argues that the public interest is served in protecting a secured creditor's rights. According to Defendant, harm to secured creditors results in restriction of credit to the public. The reasoning is not only tenuous, but strained. The need for this litigation has its genesis in Defendant's failure to draft or utilize documents that withstood legal challenge and fully complied with Ohio law. But that is not the issue before the court. The issue is whether imposing a stay is in the public interest. In this case, that boils down to the question of which benefits the public interest more: the immediate sale of the property, or imposing a stay to prevent the sale of the property. Defendant has not addressed this specific consideration.

After balancing the factors outlined above, the court finds that Defendant did not demonstrate its entitlement to a stay pending appeal. It did not show a likelihood of success on the merits of the appeal or irreparable injury if the stay is denied. Nor was there evidence other interested parties or the public would be harmed in the absence of the stay. There are stronger arguments that not imposing the stay may have a more deleterious effect on Trustee, the estate, and the unsecured creditors. Consequently, the court denies the relief sought by Defendant and declines to enter a stay pending appeal.

An appropriate order shall be issued immediately.

# # #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Richard J. Lolli
Clay Keller
Justin S. Greenfelder
Buckingham, Doolittle & Burroughs, LLP
4518 Fulton Drive, NW
P.O. Box 35548
Canton, OH 44735-5548

Mia L. Conner
120 E. 4th St.
PO Box 5480
Cincinnati, OH 45202